ADELHEID M. ZINN and Others v. ANTON HUHN and
Another.[1]

February 14, 1913.

Nos. 17,906—(174).

**Vacating judgment by default.**

An order denying an application to open a default judgment and for leave
to defend in the action *held* not an abuse of discretion.

On April 12, 1912, judgment in favor of plaintiff for $563.47
was entered in the district court for Hennepin county. The facts
are stated in the opinion. Defendant Huhn's motion to vacate the
judgment was denied, Waite, J. Thereafter the same defendant
obtained an order to show cause why the judgment should not be
set aside and defendants permitted to answer. The matter was
heard and the motion denied. From the order denying the motion,
defendant Huhn appealed. Affirmed.

*Bracelen & Cronin,* for appellants.

*Fred W. Reed* and *Fifield, Fletcher & Fifield,* for respondents.

BROWN, C. J.

This action was brought to recover upon a promissory note bear-
ing date March 18, 1885, and due 60 days from date. The com-
plaint alleges the making and delivery of the note by defendants,
and that no part thereof has ever been paid, except as therein
stated, namely, $50 on March 23, 1889, $10 on March 19, 1895, $5
on March 4, 1901, and $1 on March 9, 1907. Judgment for the
balance due, with interest, was demanded. The summons was
served upon defendant Huhn personally on March 22, 1912. He
failed to appear in the action, and default judgment was rendered
against him on April 12, of which entry he had personal notice
on April 22, 1912.

[1] Reported in 139 N. W. 952.

On May 20 following he gave notice of motion to vacate the judgment on the ground that it was prematurely entered, and for leave to answer, which was noticed to be heard on June 1. The motion came on for hearing and was denied by the court on June 3. The motion was founded on the claim, made by affidavit, that the summons was not served upon defendant until April 11, and that the judgment was entered before the expiration of 20 days thereafter. In denying the motion the court found against defendant's claim in this respect. Thereafter, on June 8, defendant applied for and obtained an order to show cause why he should not be relieved from the default and permitted to answer and defend in the action. The order to show cause was supported by a proposed answer and affidavits excusing the failure to answer within 20 days from the date of the service. The application was denied and defendant appealed.

The application was addressed to the discretion of the court below, and we are unable to discover, from the record, any sufficient reason for declaring the denial of the relief asked an abuse of discretion. The defense sought to be interposed was the statute of limitations; the making and delivery of the note sued on being admitted. The several payments alleged in the complaint were all denied by the answer, as well as by affidavit; but the affidavits presented by plaintiffs fully justified the court in finding that all such payments were made as alleged in the complaint. The note was made by defendants as copartners. They were then associated in business and resided in the state of Wisconsin. The copartnership was soon thereafter dissolved, and defendant Huhn removed to Minnesota in 1886, or 1887. The first payment was made by defendant Huhn, and the other two by his comaker and former partner; the last having been made on March 9, 1907.

Defendant knew of the entry of judgment on April 22, yet he made no move to be permitted to defend until the latter part of May. His excuse is found in the fact that he in good faith believed that the judgment was prematurely entered. In this he was mistaken. There was no showing of sickness, business pressure, forgetfulness, or other excuse for not appearing in time, and whether the delay was unreasonable, and whether the proposed defense was substantial on its

merits, were questions for the trial court. We are unable to say that there was an abuse of discretion in resolving the questions against the defendant.

Order affirmed.